IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SCOTT W. SMITH,

            Petitioner,

      v.                                     CASE NO. 10-3212-RDR

COMMANDANT, USDB,

            Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 by a prisoner in military custody. For the reasons that follow, the court determines petitioner is not entitled to relief.

**Background**

Petitioner was convicted by a court-martial of one specification of rape, two specifications of indecent acts with a child, and one specification of false official statement in violation of Articles 120, 134 and 107 of the Uniform Code of Military Justice, 10 U.S.C. §§ 920, 934 and 907. He was sentenced to confinement for 12 years, a dishonorable discharge, and reduction in rank to E-1.

Shortly after petitioner's trial ended, the court reporter inadvertently erased the last of 18 tapes of the proceedings. The tape in question included: (1) the majority of petitioner's unsworn

statement; (2) the military judge's reading of the sentencing instructions to the members of the court-martial; (3) sentencing arguments made by counsel; (4) questions by the members of the court-martial concerning appropriate sentences; (5) the announcement of the sentence; and (6) adjournment.

Following unsuccessful attempts by military personnel and FBI personnel to recover the erased portion of the record, the military judge convened a post-trial session pursuant to Article 39(a), UCMJ, to reconstruct that material. At this session, the military judge, court reporter, and trial counsel used their notes, recollections, and written sentencing materials to reconstruct the record. Defense counsel declined to assist in this effort but received a copy of the reconstructed record. After a review, defense counsel agreed the reconstruction provided a substantially verbatim account of the sentencing instructions and trial counsel's sentencing argument; he also agreed the military judge accurately reconstructed a brief Article 39(a) session in which both trial and defense counsel stated they had no objection to the sentencing arguments. The military judge then determined the reconstructed record was substantially verbatim and authenticated the reconstructed record of trial. *United States v. Smith*, 2007 WL 1983624, **1-2 (N.M.Ct.Crim.App.).

On July 3, 2006, petitioner presented an appeal in the Navy-Marine Corps Court of Criminal Appeals (NMCCA) asserting four grounds for relief; namely, (1) the convening authority erred in approving the adjudged sentence without a verbatim record of trial; (2) there was insufficient evidence of his guilt; (3) he was denied

the right to timely post-trial review due to a delay of 17 months between sentencing and docketing with the NMCCA; and (4) the convening authority acted improperly in ordering the forfeiture of all pay and allowances because the record did not include a verbatim reading of the sentence and the summarized reading of the sentence did not include a reference to the forfeiture of pay and allowances.

The NMCCA denied relief, and the Court of Appeals for the Armed Forces (CAAF) declined review.

## Discussion

*Petitioner's motions*

Two motions are pending before the court, namely, petitioner's motion for the appointment of counsel (Doc. 13) and motion for leave to proceed in forma pauperis (Doc. 14).

There is no constitutional right to the appointment of counsel in a federal habeas corpus action. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the discretion of the court. *Swazo v. Wyoming Dep't. of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). *See also* 18 U.S.C. § 3006A(a)(2)(B)(the court may appoint counsel in action under § 2254 where "the interests of justice so require").

In deciding whether to appoint counsel in a civil action, the court should consider "the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by

the claims." *Long v. Shillinger*, 927 F.2d 525, 526-27 (10th Cir. 1991).

The court has considered the record and finds no basis to appoint counsel. The appellate record in this matter is thorough, and petitioner's claims for relief were developed in the military courts. Petitioner does not present any specific circumstances that suggest that he requires counsel, and the court finds his pleadings demonstrate that he is able to present his claims for relief.

Petitioner's motion for leave to proceed in forma pauperis also is considered and denied. This denial is without prejudice, and petitioner may renew the motion if he elects to pursue an appeal in this matter.

*Standard of review*

The federal courts have a limited standard of review of military court proceedings. *See Burns v. Wilson*, 346 U.S. 137, 142 (1953). "[W]hen a military decision has dealt fully and fairly with an allegation raised in that application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." *Id*. Rather, the federal court "is to determine whether the military have given fair consideration to each of the petitioner's claims." *Thomas v. U.S. Disciplinary Barracks*, 625 F.3d 667, 670 (10th Cir. 2010).

"To assess the fairness of the consideration, our review of a military conviction is appropriate only if the following four conditions are met: (1) the asserted error is of substantial constitutional dimension, (2) the issue is one of law rather than

disputed fact, (3) no military considerations warrant a different treatment of constitutional claims, and (4) the military courts failed to give adequate consideration to the issues involved or failed to apply proper legal standards." *Id.*, 625 F.3d at 670-71 (citing *Dodson v. Zelez*, 917 F.2d 1250, 1252-53 (10th Cir.1990)).

*Sentence adjudged on reconstructed trial record*

Petitioner first claims error in the failure to provide a verbatim record of the proceedings. The NMCCA found there was no abuse of discretion by the convening authority in approving the adjudged sentence on the partially reconstructed record. It noted that the military judge had made extensive efforts to ensure the accurate reconstruction of the record, found that the record was substantially verbatim, and that the defense counsel, having declined the opportunity to assist in the reconstruction, could not rely upon that silence to challenge the adequacy of the record with only speculative claims.

The court finds this analysis applied appropriate standards. The lack of a truly verbatim trial record does not, in itself, violate the Constitution. Rather, a defendant is entitled to a "record of sufficient completeness to permit proper [appellate] consideration of his claims." *Mayer v. City of Chicago*, 404 U.S. 189, 193-94 (1971), and a "'record of sufficient completeness' does not translate automatically into a complete verbatim transcript." *Id.* at 194. *See also Marsh v. U.S.* 435 F.Supp. 426, 420 (D.C. Okl. 1976)(citations omitted)("There is no constitutional duty to provide a court reporter to make a verbatim record of proceedings in a

5

y

criminal case.")

Here, the NMCCA considered the record and reasonably determined the petitioner had failed to advance any specific assertion of prejudice arising from the reconstruction of the record. The court concludes this claim was given full and fair consideration and finds no basis to disturb the resolution of this issue.

*Insufficiency of the evidence*

Petitioner next asserts the finding of guilty was not factually supported by the evidence. He specifically points to a statement by the victim's psychiatrist describing her as delusional.

The NMCCA rejected this claim, noting the victim's assertions were largely corroborated by petitioner's own statement to criminal investigators. The NMCCA weighed the likelihood that the victim was hallucinatory concerning only one aspect of the events between them, and concluded petitioner's argument was unpersuasive. *U.S. v. Smith*, 2007 WL 1893624, **4-5.

In habeas corpus challenges to evidentiary sufficiency, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979).

The court finds the NMCCA applied the appropriate legal standard in reviewing the evidentiary record and concludes this claim was given full and fair consideration. Petitioner is not entitled to habeas corpus relief.

*Excessive post-trial delay*

6

Petitioner's third claim for relief alleges there was excessive post-trial delay.

The NMCCA determined the delay in question was unreasonable but did not deny petitioner due process. The court concluded petitioner had not raised meritorious issues on appeal and had not credibly alleged any prejudice arising from the post-trial delay caused by the need to reconstruct a portion of the trial record. *U.S. v. Smith*, 2007 WL 1893624, *5.

This claim implicates a constitutional right, and this court finds that no unique military concerns are presented. After a review of the record, the court determines the NMCCA applied the proper analysis and afforded petitioner full and fair consideration of the claim.

The military courts have adopted the four-factor test announced in *Barker v. Wingo*, 407 U.S. 514, 530 (1972) to determine whether appellate delay violates the due process rights of an accused. *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2004). The factors are: (1) the length of the delay; (2) the reasons for the delay; (3) the accused's assertion of a timely review and appeal; and (4) prejudice. *Moreno*, 63 M.J. at 135-36. The military court must consider the totality of the circumstances to determine whether relief is appropriate. *United States v. Allison*, 63 M.J. 365, 371 (C.A.A.F. 2006).

Here, the NMCCA determined the 17-month delay to be unreasonable. However, the reasons for the delay include the unusual circumstances occasioned by the need to reconstruct the erased

7

portion of the record. The military court determined that the petitioner asserted no meritorious claim on appeal, nor did he assert any specific, persuasive claim of prejudice arising from the delay. Weighing these circumstances, the military court determined there was no denial of due process. This court finds the correct legal standard was applied and concludes this claim was given full and fair consideration. Accordingly, petitioner is not entitled to relief on this claim.

*Forfeiture of pay*

Petitioner's final claim for relief asserts that the members of the court-martial did not impose the forfeiture of pay. The NMCCA stated:

> ...the appellant is being disingenuous [in challenging the accuracy of the reconstructed record] as the sentencing worksheet clearly indicates that no forfeitures were awarded by the members. [] Further, the SJAR and the court-martial promulgating order each clearly state that the members' sentence did not include any forfeitures. The reference to forfeitures in the action was a scrivener's error and in no way reflects an inaccuracy in the record of trial or otherwise prejudices the appellant. *U.S. v. Smith*, 2007 WL 1893624, *3.

Respondent argues that rather than a punishment imposed by the members of the court-martial, the forfeiture of pay and allowances was automatically triggered when petitioner was ordered dishonorably discharged and ordered to serve more than six months in confinement. 10 U.S.C. § 858b(a)(2)(A).

Petitioner does not challenge the contention that a scrivener's error caused the discrepancy, nor does he challenge the claim that the forfeiture is automatically imposed upon the imposition of the

8

sanctions described. The court finds this claim does not merit relief.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

IT IS FURTHER ORDERED petitioner's motions for the appointment of counsel (Doc. 13) and for leave to proceed in forma pauperis (Doc. 14) are denied.

Copies of this Memorandum and Order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED:  This 24th day of January, 2012, at Topeka, Kansas.


                                S/ Richard D. Rogers
                                RICHARD D. ROGERS
                                United States District Judge